IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFERY E. WALKER,

    Plaintiff,

v.

KAMALA HARRIS,

    Defendant.

No. C 13-02198 YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This case was opened when Plaintiff, a state prisoner currently incarcerated at the California Medical Facility ("CMF"), filed a complaint on the Court's civil rights form. The Clerk of the Court sent him a notice that he had failed to pay the $350.00 filing fee or apply for leave to proceed *in forma pauperis* ("IFP"). Plaintiff thereafter filed an application to proceed IFP.

Although Plaintiff submitted his claims on a civil rights form, it is apparent that he intended to file a petition for a writ of habeas corpus because he challenges his 1991 plea agreement in a "sex offense conviction," that resulted in: (1) a requirement for him to "register as a sex offender for life;" (2) placement on Megan's Law Internet web site pursuant to California Penal Code § 290; and (3) the prison restricting from "custody status and jobs." (Comp. at 3.) Plaintiff claims "[t]here was no such advisement [prior to the plea] making it illegal for claims 1-3 to be implemented" because the aforementioned were "never agreed to." (*Id.*) As relief, Plaintiff seeks: (1) an immediate injunction prohibiting continued placement on the Megan's Law Internet web site; (2) a release from the sex offender registry requirement; (3) the Court to prohibit prison restrictions to his custody status and job placements;[1] and (4) for his 1991 plea agreement to be "withdrawn." (*Id.*)

---

[1] Should Plaintiff seek to allege that some of his claims extend to the conditions of his confinement at CMF, those claims must be brought in a separate lawsuit in the United States District Court for the Eastern District of California, the proper venue for claims arising in Solano County, where CMF is located. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 84(b).

**DISCUSSION**

## I. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Legal Claim

In this case, Plaintiff has improperly filed his claim as a civil rights action. Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004).

Any claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code. *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A prisoner must bring a habeas petition if the nature of his claim is such that it would necessarily imply the invalidity of his conviction or continuing confinement. *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (§ 1983 claim).

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The opposite is not true, however: a civil rights complaint seeking habeas relief should

2

be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

In this case, Plaintiff's allegations attack his 1991 plea agreement rather than the conditions of his confinement. When a state prisoner's § 1983 suit implicates the invalidity of his conviction (which, in the instant action, resulted from an allegedly unconstitutional plea agreement), the complaint must be dismissed unless the plaintiff can demonstrate that he has succeeded in getting the duration of the sentence changed in another forum, for instance by succeeding with a state or federal habeas petition. This Plaintiff has not done; therefore, he has failed to state a cognizable claim under section 1983. Accordingly, the instant complaint is DISMISSED without prejudice.

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff's complaint fails to challenge the conditions of his confinement. His claims implicate the invalidity of his conviction and are more appropriately addressed in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therefore, the complaint is DISMISSED without prejudice to Plaintiff filing a habeas action.

Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate written Order.

The Clerk shall close the file, terminate all pending motions, and enter judgment in accordance with this Order.

IT IS SO ORDERED.

DATED: October 30, 2013

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE